| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

TALIYAH TAYLOR,

                            Petitioner,

**MEMORANDUM & ORDER**

– against –

SABINA KAPLAN, Superintendent,             14-cv-1402 (ERK) (LB)

                            Respondent.

KORMAN, *J.*

After a stay to allow her to seek relief under N.Y. CRIM. PROC. LAW § 440.10, Taliyah Taylor moves to amend her 2014 petition for a writ of habeas corpus to add several now-exhausted claims. The Richmond County District Attorney has responded and asked that I clarify which claims are properly before the court before it addresses the merits. Because I write primarily for the parties, I assume familiarity with the relevant factual and procedural background. Taylor's motion is granted in part and denied in part, and the district attorney is directed to respond to Taylor's remaining claims on the merits.

## DISCUSSION

**I.    Legal Standard**

For purposes of amendment, habeas petitions are treated identically to any other civil pleading. 28 U.S.C. § 2242 ("[An application for a writ of habeas corpus] may be amended or supplemented as provided in the rules of procedure applicable to civil actions."); *see also Littlejohn v. Artuz*, 271 F.3d 360, 363–64 (2d Cir. 2001). "[T]he standard for granting or denying a motion

to amend is thus governed by Federal Rule of Civil Procedure 15(a)." *Littlejohn*, 271 F.3d at 363. Rule 15(a), in turn, directs that a civil party may amend its pleading with leave of court, and that such leave should be freely given. Nevertheless, leave to amend is properly denied when the proposed amendment would be futile. *Garcia v. Superintendent of Great Meadow Correctional Facility*, 841 F.3d 581, 583 (2d Cir. 2016).

## II. Taylor's Claims

### A. Ineffective Assistance of Counsel

Although Taylor's original petition alleged that her trial lawyer was ineffective in several respects, her proposed amendments go further. Liberally construed, Ground Four of the 2014 Petition asserted that Taylor's counsel was ineffective in three ways: He (1) did not present a defense based on her mental illness; (2) failed to object to, or even review, the tapes of Taylor's phone calls from Riker's Island with which the district attorney planned to attack any claim of insanity that Taylor *did* make; and (3) did not introduce evidence of certain 911 calls made on the night of October 18th, 2006.

Ground Two of Taylor's amended petition significantly expands the scope of her ineffective assistance claim, alleging the following eleven instances of deficient performance:

a) Counsel usurped Taylor's decision-making authority by abandoning his planned insanity defense when Taylor wished to continue with it.

b) Counsel made the decision to abandon the insanity defense without taking enough time to consult experts or Taylor herself about the significance of the jailhouse phone calls.

c) Counsel failed to move for a mistrial when the district attorney disclosed the existence of the Riker's Island tapes in the middle of trial.

d) Counsel failed to present a defense based on Taylor's mental illness.

e) Counsel failed to move to suppress the Riker's Island tapes, and to ask for a continuance longer than one day to review them.

f) Counsel failed to present defense witnesses

g) Counsel coerced Taylor not to testify on her own behalf

h) Counsel did not renew his pre-trial motion for a change of venue away from Richmond County, or adequately question potential jurors as to their prior exposure to information about the case.

i) Counsel did not introduce evidence that Taylor was voluntarily intoxicated in order to negate the district attorney's claim that she acted with depraved indifference to human life.

j) Counsel did not object to particular aspects of the district attorney's summation.

k) Counsel did not argue, in his own summation, that the evidence did not show that Taylor possessed the requisite *mens rea* of depraved indifference at the same time as she sped down the wrong side of the street, without lights, and killed a pedestrian.

I recount each of Taylor's allegations so that the analysis which follows is comprehensible. Nevertheless, *pro se* pleadings are to be construed liberally, and a bare *seriatim* recitation is not an especially useful way to understand these claims. Rather than eleven scattered points of poor performance, Taylor's petition is best framed as making out five distinct claims regarding her lawyer's actions at different stages of her trial. Each depends, at least in part, on allegations not raised in the 2014 Petition.

Taylor's first point, that that her attorney's pre-trial performance was deficient because he failed to adequately respond to the significant pre-trial publicity surrounding her case, is properly before the court. *See* Amended Petition at Ground 2(H). This claim was absent from the 2014 petition. Nevertheless, it was properly presented on direct review to both the Appellate Division and the Court of Appeals. And although its factual predicates appear on the face of the trial record, Taylor also raised it on collateral review, presenting it to both the Supreme Court and the Appellate

Division. Moreover, the district attorney has made no objection to reaching the merits of this claim. It has not identified any procedural bar that would make doing so an exercise in futility, or any prejudice it would suffer from the delay in adding the claim.

Second, I read Taylor's 2014 and Amended Petitions to claim that her lawyer's decision to change his defense strategy after learning of the Riker's Island tapes denied her effective representation. *See* Amended Petition at Grounds 2(B)–(F), (I); 2014 Petition at Ground Four (alleging decision not to introduce 911 tapes). Furthermore, the last state court to consider Taylor's claims, in denying her application under § 440.10, also treated Taylor's allegations as making out a single claim for ineffective assistance based on her attorney's "actions after the revelation of the tapes and his subsequent decisions after his review of the tapes." Decision & Order Denying § 440.10 Motion, ECF No. 29-11, at 11.

This claim is likewise, in its entirety, properly before the court. Once the tapes were revealed, Taylor's lawyer took a day to review them. He concluded that they would be fatal to his planned insanity defense. Once the trial judge overruled his objection to admitting them, he decided against asking for a mistrial, or persisting in a futile defense case. Rather, he relied exclusively on the evidence of Taylor's drinking and drug use that had been developed during the district attorney's case-in-chief, and argued that her intoxication negated or mitigated the depraved indifference necessary to make her guilty of murder. Taylor contends that instead, her lawyer should have demanded a longer continuance, reviewed the tapes along with medical experts, moved for a mistrial based on the tapes' late disclosure and—if it were denied—pressed onward with a defense case based on insanity.

Five specific allegations underlie this second claim of ineffective assistance. Three of them—failure to seek a longer continuance, Amended Petition at Ground 2(E), failure to present

a defense case, *id.* at Ground 2(F), (I); 2014 Petition at Ground Four (alleging decision not to introduce 911 tapes), and failure to present an insanity defense, Amended Petition at Ground 2(D)—appear in the 2014 Petition, so no amendment is needed. Moreover, the district attorney has expressly acquiesced to adding another—failure to exercise adequate diligence in making the decision to abandon the insanity defense. *Id.* at Ground 2(B).

The district attorney does object, however, to Taylor's new contention that her attorney should have moved for a mistrial when the Riker's Island tapes were disclosed in the middle of trial. To be sure, that argument was never presented to the New York courts on direct appeal; as the district attorney points out, it first appeared during the § 440.10 proceedings, in Taylor's post-hearing brief. And perhaps the state court would have been entitled, as the district attorney urges me now, to reject it as procedurally defaulted. But rather than rest its decision on a state procedural bar, the last state court to consider whether Taylor's lawyer should have demanded a mistrial did so on the merits. *See* Decision & Order Denying § 440.10 Motion, ECF No. 29-11, at 12 ("[The lawyer did] not ask[] for a 'mistrial' as he was convinced that such a motion would not have been granted."). By doing so, "it remove[d] any bar to federal-court review that might otherwise have been available." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *see also Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997) (holding that failure to comply with state procedural rule does not bar habeas review when the state court "rule[s] on the merits . . . without commenting on the apparent default"). This claim has now been fully exhausted through state collateral review, and there is no further procedural bar to reaching its merits.

Taylor's third claim is that her lawyer's decision to abandon the insanity defense, when she wished to proceed with it, amounted to ineffective assistance because it usurped her constitutional right to chart her own defense. *See* Amended Petition at Ground 2(A). This claim

did not appear in the 2014 Petition, and adding it now would be futile. Taylor never presented it on direct appeal, and the § 440.10 judge ruled that it was procedurally barred as a result. *See* Decision & Order Denying § 440.10 Motion, ECF No. 29-11, at 4. The procedural bar on which the state judge relied, N.Y. CRIM. PROC. LAW § 440.10(2)(c), provides that a New York court *must* deny a motion under § 440.10 when the trial record contained enough facts to have allowed presentation of the claim on direct appeal, but the movant unjustifiably failed to do so. Here, Taylor's trial lawyer was careful to allow his client to speak on the record to preserve her objections to his decision to discard the insanity defense against her wishes. As the state judge noted: "The issue as to who had the ultimate authority to abandon that defense was placed on the record and thus was subject to direct appeal." Decision & Order Denying § 440.10 Motion, ECF No. 29-11, at 4. The Second Circuit has held that "[w]here the basis for a claim of ineffective assistance of counsel is well established in the trial record, a state court's reliance on subsection (2)(c) provides an independent and adequate procedural bar to federal habeas review," *Murden v. Artuz*, 497 F.3d 178, 196 (2d Cir. 2007), and Taylor has shown neither cause for nor prejudice from her experienced appellate counsel's decision not to pursue this claim on direct review.

Fourth, Taylor contends that her attorney was ineffective because he coerced her not to testify in her own defense. *See* Amended Petition at Ground 2(G). The district attorney concedes, rightly, that this point has been properly presented to every state court that would hear it. Nevertheless, further proceedings on this claim would be futile as well. The trial record flatly contradicts Taylor's assertion that she was coerced not to testify. The judge informed Taylor that she had an "absolute right to testify should [she] desire to do that," Trial Tr. 557:22–24, and asked her whether she wanted to, although her lawyer would not be calling any other defense witnesses. Taylor replied "No. Makes no sense." *Id.* at 558:25–559:1. Indeed, during the hearing on Taylor's

§ 440.10 motion, the state judge made a finding of fact that Taylor decided of her own volition not to testify, based on her judgment that it "didn't make any sense" to do so. Hrg. Tr. 83:4–84:1. That finding was not unreasonable. *See* 28 U.S.C. § 2254(d)(2). So even if Taylor's claim of coercion was not frivolous on its face, it would still be barred by AEDPA on account of the state court's factual finding.

Fifth and finally, Taylor argues that her lawyer's execution of his chosen trial strategy was inadequate, pointing to his failure to object to particular aspects of the district attorney's closing argument, and his failure to argue that the prosecution failed to prove that Taylor had the requisite mental state of depraved indifference at the time she committed the charged acts. *See* Amended Petition at Grounds 2(J)–(K). Taylor's 2014 Petition did not assert any ineffectiveness based on her lawyer's performance during summations—either his own or the district attorney's. Although the district attorney does not object to adding either claim, amendment is only proper as to one of them. Taylor asserted on direct review that her trial counsel was ineffective by virtue of failure to object to the district attorney's closing argument. In so doing, she exhausted her state remedies. Taylor did not, however, present any claim respecting her own lawyer's argument until she moved to vacate her conviction under § 440.10. The contents of that summation, of course, were clearly preserved in the trial record. The state judge did not specifically address this claim in ruling on Taylor's § 440.10 motion, but on these facts, there is little doubt that he included it in writing that "other claims made by [Taylor] . . . could have been raised on . . . direct appeal," and citing § 440.10(2)(c). Decision & Order Denying § 440.10 Motion, ECF No. 29-11, at 14–15. For the same reasons discussed above, Taylor's claim based on her own counsel's inadequate summation is barred by her procedural default, and allowing an amendment to add it would be futile.

B. Due Process Violations in the Course of State Collateral Review

The Second Circuit has clearly foreclosed Taylor's second proposed ground for relief. Taylor's allegations that she was denied due process with respect to her § 440.10 challenge "do[] not state a claim that is cognizable under federal habeas review." *Word v. Lord*, 648 F.3d 129, 131 (2d Cir. 2011) (per curiam). No further discussion is necessary.

## CONCLUSION

Accordingly, Taylor's motion to amend her petition for a writ of habeas corpus is granted in part and denied in part. The district attorney is directed to respond to the following claims on the merits:

- Ground (1) of the 2014 Petition as supplemented by Taylor's description of the same claim in Ground (1) of the Amended Petition;
- Grounds (2), (3), (5), (6), (7), and (8) of the 2014 Petition; and
- Taylor's claim that her counsel was ineffective, based on the following failings alleged in a liberal reading of Ground (4) of the 2014 Petition, and Ground (2) of the Amended Petition:
    1. Failure to respond to pre-trial publicity by not making a renewed motion for a change of venue and conducting an inadequate *voir dire*.
    2. Deficient performance in evaluating, responding to, and changing his strategy to account for the district attorney's disclosure of the Riker's Island tapes.
    3. Failure to object to certain aspects of the district attorney's summation.

SO ORDERED.

Brooklyn, New York
March 17, 2017

*Edward R. Korman*
Edward R. Korman
United States District Judge